**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edna Richardson,  )<br>           Plaintiff,  )<br>vs.  )<br>  )<br>Sam's Club, et al.,  )<br>           Defendants.  )<br>_____  ) | No. CV-13-00011-PHX-FJM<br><br>**ORDER** |

We have before us defendants' motion for summary judgment (doc. 25), plaintiff's response (doc. 27), and defendants' reply (doc. 29).

**I.**

Plaintiff was hired by defendant Sam's Club on November 16, 2006. She became a cashier in August of 2008. Sam's Club has a "Coaching for Improvement Policy" designed to help employees improve their job performance. If an employee receives four "coachings" within a twelve-month period, the employee is subject to termination. Cashiers are randomly given "shrink tests" by Sam's Club's audit team. During the test, items are hidden inside a shopping cart and cashiers are expected to discover the hidden items. Plaintiff received "coachings" for cash register overages and shortages and for failing shrink tests beginning in November 2010. Because she ultimately received four coachings within a twelve-month period, she was terminated on April 18, 2012.

1  Plaintiff alleges that Sam's Club started retaliating against her in August 2009 after
2  she reported to management that other employees took extended breaks. She claims the
3  retaliation included a reduction in her hours and an order by her supervisor to mop the floor.
4  She filed her first Charge of Discrimination with the EEOC on May 24, 2011, complaining
5  of mopping, extended breaks, and reduced hours. She filed a Second Charge of
6  Discrimination on May 9, 2012, shortly after her termination, asserting claims related to her
7  coachings and termination. Plaintiff filed this action on January 3, 2013, alleging that Sam's
8  Club discriminated against her because of her age (75) and her race (African American), and
9  retaliated against her for filing a discrimination charge with the EEOC.

## II.

### A.

In order to establish a prima facie case of discrimination, plaintiff has the burden of showing that (1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class were treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007). Once a plaintiff makes her prima facie showing, the burden shifts to the defendant to present legitimate, nondiscriminatory reasons for the employment actions. Id. at 1169. If the defendant satisfies its burden, the burden shifts back to plaintiff "to put forth *specific* and *substantial* evidence that [defendant's] reasons are really a pretext for . . . discrimination." Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 661 (9th Cir. 2002) (emphasis in original).

The EEOC issued its Dismissal and Notice of Right to Sue related to plaintiff's First Charge of Discrimination on August 16, 2011. She was notified that any civil action based on these allegations must be commenced within 90 days. See 42 U.S.C. § 2000e-5(f)(1). Plaintiff did not file her lawsuit until January 3, 2013, over a year late. Therefore, the allegations contained in the First Charge of Discrimination are time-barred. See Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992).

1    Plaintiff timely filed this action with respect to claims contained in her Second Charge
2 of Discrimination, specifically unfair coachings and termination. These discrete allegations
3 of discrimination do not support a continuing violation theory that would revive the time-
4 barred allegations contained in plaintiff's First Charge of Discrimination.

5    Plaintiff has shown that she is a member of a protected class and suffered adverse
6 employment actions. But she has not shown that she was performing satisfactorily or that
7 similarly situated employees not in her protected classes were treated more favorably.

8    As evidence of discrimination, plaintiff suggests that race and age must have played
9 a role in her unequal treatment because she was "the only African American cashier and the
10 only cashier over the age of 40." Response at 5-6. But plaintiff cites no evidence to support
11 this claim. And even if true, these facts do not establish unequal treatment. Plaintiff
12 produced no evidence that similarly situated employees who are younger or not African
13 American were treated more favorably.

14    Moreover, plaintiff has failed to show that she was performing according to her
15 employer's legitimate expectations. She disputes that there were discrepancies in her cash
16 drawer, but other than her own beliefs, she presents no evidence to support the claim.

17    Even if we decided that plaintiff had made a prima facie showing, we would
18 nevertheless conclude that plaintiff has failed to support a claim of discrimination. Sam's
19 Club has presented substantial evidence that plaintiff was not performing satisfactorily.
20 Plaintiff received multiple coachings related to cash drawer discrepancies and failed shrink
21 tests. This constitutes a legitimate, nondiscriminatory reason for Sam's Club's decision to
22 terminate her. The burden then shifts back to plaintiff to set forth specific and substantial
23 evidence that this reason is merely pretext for discrimination. But plaintiff has offered no
24 evidence of pretext. Her subjective beliefs that the cash register discrepancies were a "set
25 up" are insufficient to establish pretext. She admits that she has no evidence to support the
26 claim. PCSOF ¶ 40.

27    In contrast, Sam's Club has presented evidence that it has coached and given shrink
28 tests to other employees who are outside plaintiff's protected categories. DSOF ¶¶ 73-78.

1  Sam's Club presented evidence that from 2010 to 2012 it coached as least ten other
2  employees and terminated one for cash register discrepancies who were younger than
3  plaintiff and not African American. DSOF ¶¶ 77-78.

4  Plaintiff has failed to establish a claim of discrimination and accordingly summary
5  judgment is granted in favor of Sam's Club.

**B.**

7  We also conclude that plaintiff has failed to establish a claim of retaliation. To
8  establish a prima facie case, plaintiff must show (1) she was engaged in a protected activity;
9  (2) she was subjected to an adverse employment action; and (3) a causal link exists between
10 the protected activity and the adverse action. The causal link must be "proved according to
11 traditional principles of but-for causation, not the lessened causation test stated in 42 U.S.C.
12 § 2000e-2m." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). "This
13 requires proof that the unlawful retaliation would not have occurred in the absence of the
14 alleged wrongful action or actions of the employer." Id. In other words, plaintiff must show
15 that but for the filing her First Charge of Discrimination, Sam's Club would not have issued
16 her coachings and would not have terminated her employment. Plaintiff has failed to make
17 this showing.

18 Plaintiff began receiving coachings well before the First Charge of Discrimination was
19 filed. Moreover, she has not set forth any evidence to support her belief that she did not
20 actually commit cash register errors or fail shrink tests. Her subjective beliefs are insufficient
21 to support a prima facie case of retaliation.

22 Sam's Club has shown that it issued coachings to plaintiff because of her cash register
23 discrepancies and failed shrink tests. It has further demonstrated that it coached other
24 employees who were not African American and were substantially younger for the same
25 reasons. DSOF ¶¶ 73-78. Because plaintiff has not shown that Sam's Club issued coachings
26 or terminated her in retaliation for filing the First Charge, she has failed to establish a claim
27 of unlawful retaliation.

28 **III.**

- 4 -

**IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 25). The clerk shall enter final judgment.

DATED this 29th day of April, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge